| 1 | |
|---|---|
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| GARRETT BONDAUG, | Case No. C-13-1068 RMW |
|---|---|
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| CITY OF SANTA CLARA, a public entity; GREG DEGER, an individual; COLIN STEWART, an individual; and DOES 1 through 50, Inclusive, | [Re: Docket No. 11] |
| Defendants. | |

On December 19, 2012, plaintiff Garrett Bondaug ("Bondaug") filed a complaint in the Santa Clara County Superior court, alleging violations of his civil rights as provided by the State of California, false arrest and imprisonment, assault, battery, unreasonable force in effecting arrest, and negligent infliction of emotional distress. Complaint, Dkt. 1-2. The issue is whether this court may retain jurisdiction over the case where Bondaug originally represented in an interrogatory response that he was asserting federal claims, but now has filed an amended interrogatory response and two declarations explaining that he never meant to assert a federal claim, mistakenly represented the contrary in the first interrogatory response, and is hereby relinquishing any right to assert a federal claim in the future. For the reasons explained below,

ORDER REMANDING
CASE NO. C-13-01068 RMW
ALG
- 1 -

the court concludes declines to exercise jurisdiction over Bondaug's supplemental state law claims, and remands the case to the Santa Clara County Superior Court.

## I. BACKGROUND

After the complaint was filed, defendants served a special interrogatory on Bondaug asking if he was asserting any federal claims. Bondaug responded "Yes." Pl.'s Resp. to Defs.' Special Interrog. 3 (Feb. 17, 2013), Dkt. No. 1-1. Specifically, Bondaug responded that his federal claims were based on:

> 42 U.S.C. § 1983 (including Monell claims) as against all defendants, incorporation 4th Amendment against unreasonable seizure/unreasonable search and 14th Amendment.

*Id.* at Interrog. 4. On this basis, on March 8, 2013, defendants filed a notice of removal to this court. Dkt. No. 1. About a month later, Bondaug served an amended response to defendants' interrogatories, this time responding that he was not asserting any federal cause of action. Amended Resp. to Defs.' Special Interrog. 3 (April 10, 2013). On July 19, 2013, Bondaug filed the present motion for remand.

## II. ANALYSIS

In his motion, Bondaug represents that he raises only state law claims. He represents that "[t]he initial discovery responses were misread by Plaintiff [and] have been amended to set forth that there are no federally based claims being sought by Plaintiff in conjunction with this litigation." Pl.'s Mot. 3, Dkt. No. 11. In support of the motion to remand, Bondaug filed a declaration explaining that the original interrogatory response was a mistake and stating: "I am not intending, and do not intend, to assert any federal based claims that I may have with regard to the incident at issue in the complaint on file." Bondaug Decl. ¶ 4, Dkt. No. 13. Bondaug's attorney also submitted a declaration stating: "At the time that the responses were prepared, it was not the intent of Plaintiff nor counsel to assert claims arising under Federal Law." Usoz Decl. ¶ 3, Dkt. No. 12. Because only state law claims are now asserted, Bondaug argues that remand is required.

1  Defendants counter that Bondaug's initial interrogatory response rendered the action
2  appropriate for removal.  According to defendants, Bondaug "cannot voluntarily change the case
3  so as to destroy the ground upon which removal was based."  Opp'n 2, Dkt. No. 16.  Defendants
4  assert that this court should exercise its discretion to retain supplemental jurisdiction over the
5  remaining state law claims because of "judicial economy and fairness" and because "a remand to
6  state court would further delay forward movement of the matter."  *Id.* at 3.

7  Where, as here, the removal was valid at the time it occurred (based on the asserted
8  federal claims), the fact that Bondaug now disavows the federal claims does not deprive the court
9  of jurisdiction over the supplemental state law claims.  *See, e.g.*, *Statey v. JPMorgan Chase &*
10 *Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008).  However, "[i]n the usual case in which all federal-law
11 claims are eliminated before trial, the balance of factors to be considered under the pendent
12 jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward
13 *declining to exercise jurisdiction* over the remaining state-law claims."  *Sanford v.*
14 *MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*,
15 484 U.S. 343, 350 n. 7 (1988) (emphasis added).

16 Only a notice of removal and the present motion to remand have been filed in this case.
17 The court disagrees with defendants that a mere desire to get the case "moving forward" is
18 enough to warrant the exercise of jurisdiction over the remaining state-law claims where, as here,
19 the court has not considered any issue relating to the merits of the case.  The court concludes that
20 "judicial economy, convenience, fairness, and comity" at this early stage in the case point towards
21 declining to exercise jurisdiction over the state law claims.

22 Because both parties will benefit from an expedient order on Bondaug's motion to remand, the
23 court deems this motion proper for a decision without a hearing, *see* Civ. L.R. 7-1(b), and GRANTS
24 Bondaug's motion to remand on the papers.

### III. CONCLUSION

26 The court GRANTS Bondaug's motion to remand and hereby remands the case to the
27 Santa Clara County Superior Court,

28

ORDER REMANDING
CASE NO. C-13-01068 RMW
ALG
- 3 -

1
2  Dated: July 12, 2013
3

*Ronald M. Whyte*

Ronald M. Whyte
United States District Court Judge

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER REMANDING
CASE NO. C-13-01068 RMW                - 4 -
ALG